UNITED STATES COURT OF APPEALS

FOR THE NINTH DISTRICT

| | | |
|---|---|---|
| WALTER WATSON | * | 9th Cir. No. 22-16239 |
| | * | |
| Plaintiff-Appellant | * | |
| | * | |
| v. | * | NOTICE TO CLERK |
| | * | PURSUANT TO |
| MONSANTO COMPANY | * | FRAP 12.1(a) |
| | * | |
| Defendant-Appellee | * | |
| | * | |

*****************************************************************

NOW INTO COURT, comes Plaintiff-Appellant who respectfully files this notice pursuant to Federal Rule of Appellate Procedure 12.1(a). Pursuant to the attached Orders from the lower court, notice is hereby provided that the district court has stated it would grant the underlying Rule 60(b) motion.

Accordingly, pursuant to Rule 12.1(b), Plaintiff-Appellant respectfully moves for remand of this appeal for further proceedings consistent with the lower court's indicative ruling.

Dated: December 14, 2022

Respectfully submitted,

*/s/ Christopher L. Coffin*
Christopher L. Coffin
PENDLEY, BAUDIN & COFFIN, L.L.C.
24110 Eden St.
Plaquemine, LA 70764
Phone: (225)687-6396

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2022, that I electronically filed the foregoing Notice with the clerk of clerk by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ Christopher L. Coffin*
Christopher L. Coffin

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to: | |
| *Walter Watson v. Monsanto Co.*, Case No. 18-cv-2100-VC | **ORDER GRANTING MOTIONS TO SET ASIDE JUDGMENT** |
| | Re: Dkt. Nos. 15535, 15536 |
| *George Smith v. Monsanto Co.*, Case No. 18-cv-3757-VC | |

The requests by Watson and Smith for an indicative ruling under Rule 62.1 are granted. If the cases were remanded, the Court would grant the motions to set aside the judgment. There is no question that attorney negligence caused judgment to be entered against Watson and Smith. However, in the context of this massive, complicated MDL, their neglect is excusable. Although the attorneys certainly should have noticed that the show cause order included Watson and Smith's cases, it is difficult to keep track of orders issued in an MDL of this magnitude. Indeed, there are currently over 15,000 docket entries in this MDL. Moreover, there is no indication that lead plaintiffs' counsel made any effort to notify counsel for Watson and Smith of the impending dismissal of their clients' claims. Ideally, lead plaintiffs' counsel should be taking a more proactive role in communicating with attorneys whose clients are on the verge of losing their cases on some procedural basis. Finally, special consideration is given here because Watson and Smith's counsel have resolved over 125 Roundup-related cases. *See* Dkt. No. 15535 at 11. This indicates that their counsel truly made an inadvertent, administrative mistake, and that they would properly handle these two cases if given another chance.

If the cases are remanded, counsel for Monsanto and for the lead plaintiffs are ordered to work with counsel for Watson and Smith to ensure that a litigation schedule is developed for these cases, and to ensure that Watson and Smith participate promptly in the mediation program.

**IT IS SO ORDERED.**

Dated: December 5, 2022

VINCE CHHABRIA
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to: | |
| *Walter Watson v. Monsanto Co.*, Case No. 18-cv-2100-VC | **ORDER GRANTING MOTIONS TO SET ASIDE JUDGMENT** |
| | Re: Dkt. Nos. 15535, 15536 |
| *George Smith v. Monsanto Co.*, Case No. 18-cv-3757-VC | |

The requests by Watson and Smith for an indicative ruling under Rule 62.1 are granted. If the cases were remanded, the Court would grant the motions to set aside the judgment. There is no question that attorney negligence caused judgment to be entered against Watson and Smith. However, in the context of this massive, complicated MDL, their neglect is excusable. Although the attorneys certainly should have noticed that the show cause order included Watson and Smith's cases, it is difficult to keep track of orders issued in an MDL of this magnitude. Indeed, there are currently over 15,000 docket entries in this MDL. Moreover, there is no indication that lead plaintiffs' counsel made any effort to notify counsel for Watson and Smith of the impending dismissal of their clients' claims. Ideally, lead plaintiffs' counsel should be taking a more proactive role in communicating with attorneys whose clients are on the verge of losing their cases on some procedural basis. Finally, special consideration is given here because Watson and Smith's counsel have resolved over 125 Roundup-related cases. *See* Dkt. No. 15535 at 11. This indicates that their counsel truly made an inadvertent, administrative mistake, and that they would properly handle these two cases if given another chance.

Case 3:18-cv-02100-VC   Document 21   Filed 12/05/22   Page 2 of 2

If the cases are remanded, counsel for Monsanto and for the lead plaintiffs are ordered to work with counsel for Watson and Smith to ensure that a litigation schedule is developed for these cases, and to ensure that Watson and Smith participate promptly in the mediation program.

**IT IS SO ORDERED.**

Dated: December 5, 2022

VINCE CHHABRIA
United States District Judge